1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OCCIDENTAL FIRE & CASUALTY
OF NORTH CAROLINA,

       Plaintiff,

v.

INTERMATIC INCORPORATED, et
al.,

       Defendants.

2:09-CV-2207 JCM (LRL)

**ORDER**

    Presently before the court is plaintiff Occidental Fire & Casualty of North Carolina's (hereinafter "Occidental") motion for voluntary dismissal. (Doc. #63). Defendant Wheeler's Electric, Inc. (hereinafter "Wheeler") filed an opposition. Plaintiff filed a reply. (Doc. #66). Defendant Intermatic Inc. filed an opposition. (Doc. #69). Plaintiff filed a reply. (Doc. #76).

    Also before the court is defendant Wheeler's motion for summary judgment. (Doc. #64). Plaintiff filed a limited opposition to the motion (doc. #72) and an errata (doc. #73) containing supplemental exhibits. Defendant Wheeler filed a reply. (Doc. #74).

    Also before this court is defendant Intermatic's motion for summary judgment (doc. #70). Any opposition to the motion is due April 28, 2011[1].

    [1] In light of the court's ruling on the motion for voluntary dismissal (doc. #63), this motion is moot, and having the parties fully brief the motion would be superfluous.

**James C. Mahan**
**U.S. District Judge**

**Relevant Facts**

On November 18, 2009, the plaintiff filed a complaint (doc. #1) against Intermatic Inc., True Manufacturing Company, True Food Service Equipment, Inc., Sysco Food Service of Las Vegas, Inc., Wheeler Electric, Inc., Madone, LLC, d/b/a Stage Coach Depot, Gary Dean Scacco d/b/a Valley Refrigeration and Sheet Metal, and Gary Scacco d/b/a Value Refrigeration and Sheet Metal. Subsequently, several defendants filed cross-claims. (Docs. #18, #24, and #30).

The complaint stems from a fire that occurred on April 9, 2008, in a building owned by Glendale Holding, LLC, and leased and operated by Madone, LLC, dba Stage Coach Depot. (Doc. #64). Plaintiff Occidental is an insurer who paid the property loss claim submitted by Glendale Holding. It is undisputed that the fire caused a significant loss and that plaintiff paid $940,000 to Glendale Holding on the claim. After paying Glendale Holding, plaintiff filed this suit to recover the amount of its payment. (Doc. #69). The complaint (doc. #1) alleges that the fire was caused by an electrical failure in a commercial grade freezer located on the property.

Phoenix Investigations, Inc, the investigation corporation assigned to investigate the fire, was tasked with determining "what role, if any, the freezer or structure's electrical had in the fire." (Doc. #65-1 Exhibit A). According to a letter dated March 9, 2011, the scene was examined on May 6, 2008, and it was determined that the "only possible fire causes identified at the scene were the structure's electrical and the freezer and its components." *Id.* Subsequently, on July 8, 2008, February 18, 2009, and June 2, 2010, evidence examinations were conducted. *Id.* At the conclusion of the examinations, it was determined that "no failure modes were found to the structure's electrical branch circuits that were near the freezer, and the structure's electrical was eliminated as the fire cause." *Id.*

**Voluntary Dismissal (Doc. #63)**

Pursuant to Fed. R. Civ. P. 41(a)(2), an "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Further, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

James C. Mahan
U.S. District Judge

- 2 -

independent adjudication." Fed. R. Civ. P. 41(a)(2).

On March 7, 2011, plaintiff filed a motion for voluntary dismissal (doc. #63), requesting that this court allow it to dismiss its claims *with prejudice* against Intermatic Inc., Gary Dean Scacco d/b/a Valley Refrigeration and Sheet Metal, Wheeler's Electric, Inc., and Madone, LLC (hereinafter "named defendants") pursuant to Federal Rule of Civil Procedure 41(a)(2). In the motion, plaintiff asserts that since the named defendants have not filed counterclaims in this matter, there is no prejudice to them if the motion is granted.

### A.      Defendant Wheeler's Opposition (Doc. #65)

In Wheeler's opposition to the voluntary dismissal (doc. #65), it asserts that Occidental "never had any indication that Wheeler had any possible liability, since [p]laintiff's expert has opined that the electrical system was eliminated as the fire cause." (Internal citations omitted). To support this, it relies on the letter from Phoenix Investigations (doc. #65 Exhibit A), and asserts that the only thing it actually did was "look at the wiring for an outlet where the freezer was to be plugged in, but made no changes to what had already been done." *Id.*

Defendant Wheeler states that it has no objection to the dismissal "with prejudice" based on its pending summary judgment motion (doc. #64), but asserts that there would be some harm and prejudice involved in the granting of the dismissal. First, Wheeler asserts that it was "named in an essentially frivolous suit based on nothing more than hearsay," and that plaintiff never had evidence suggesting its "inspection" of the outlet played a part in the fire since the beginning. *Id.* Second, Wheeler asserts that "due to the total lack of evidence,...it submitted an [o]ffer of [j]udgment pursuant to [Federal Rule of Civil Procedure] 68," and that it will be seeking costs if plaintiff does not better the offer. Defendant asserts that it does not oppose the dismissal "as long as [p]laintiff pays the costs incurred since the date of the [o]ffer of [j]udgment." *Id.*

In the plaintiff's reply (doc. #66), it asserts that the cause of the fire was not established and potential causes were not ruled out until *after* the deposition of Beverly Madewell, the manager of Stage Coach, on March 3, 2011. Mrs. Madewell was the only witness with first hand knowledge of the freezer's purchase and installation, and plaintiff asserts that it was not until she stated at her

James C. Mahan
U.S. District Judge

1   deposition that Wheeler inspected only the installation of the outlet the freezer was connected to, that

2   it could reasonably dismiss its complaint against Wheeler. Further, plaintiff asserts that Wheeler will

3   not be prejudiced and could have filed a summary judgment motion after the deposition, but waited

4   until the present motion to voluntarily dismiss (doc. #63) was filed to do so.

5        As defendant Wheeler consents to the granting of the motion (doc. #63), the court is inclined

6   to dismiss the complaint against it with prejudice. Pursuant to Local Rule 54-1(a) and (b), a

7   prevailing party may recover "reasonable costs," but must "file a bill of costs and disbursements,"

8   verifying and distinctly setting forth each item. As defendant Wheeler has not provided the court

9   with the documents required under the local rules, it is not inclined to make a ruling on the award

10  of costs at this time. Local Rule 54-1(a) and (b).

11       **B.      Defendant Intermatic's Opposition (doc. #69)**

12       Defendant Intermatic requests that this court deny the motion for voluntary dismissal,

13  because "it wishes to obtain a ruling on the merits of the claim that would provide *res judicata*

14  protection to it in a parallel proceeding in Nevada [s]tate [c]ourt." (Doc. #69). Intermatic asserts that

15  defendant Madone, who leased and operated the property, filed a separate action in Nevada state

16  court against defendants True Manufacturing and True Food Services. (Doc. #69-1 Exhibit A).

17  Intermatic asserts that the action mirrors the case before this court, and was stayed pending the

18  outcome of the motion for voluntary dismissal (doc. #63). Defendant is not named in the state court

19  proceeding, but asserts that it has a legitimate concern that it will be added in the event that the court

20  dismisses the present action.

21       Defendant Intermatic asserts that if the court rules on the merits of its motion for summary

22  judgment (doc. #70), such ruling will be afforded full *res judicata,* thereby precluding any other

23  party from "dragging [it] into the parallel state court matter." In the plaintiff's reply (doc. #76), it

24  asserts that it is not concerned with the manner in which the court adjudicates the claim, but that in

25  either event, granting the motion for voluntary dismissal "with prejudice" or the motion for summary

26  judgment, the court's ruling will have the desired preclusive effect.

27       The court agrees with plaintiff that the outcome and preclusive nature of either ruling will

28

**James C. Mahan**
**U.S. District Judge**

be the same. *See Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1160 (9th Cir. 2002) (Holding that when a plaintiff voluntarily dismisses claims *with prejudice* in order to appeal an otherwise partial judgment, the dismissal operates as an adjudication on the merits, thereby forfeiting any possibility of ever obtaining a favorable determination on the merits.). Granting a voluntary dismissal is up to the sound discretion of the court, and in making the decision, "the court should consider the fact that a dismissal *with prejudice* has the effect of a final adjudication of the merits and is thus a bar to future suits brought by the plaintiff upon the same causes of action." *Hudson Engineering Co. v. Bingham Pump Co.,* 298 F.Supp. 387, 389 (S.D.N.Y. 1969)(emphasis added).

Further, a dismissal of the complaint against Intermatic with prejudice will not preclude only the plaintiff from re-litigating the issue, but it will preclude any party in privity from reasserting the claims against it. *See Havee v. Belk*, 775 F.2d 1209, 1222 (4th Cir. 1985) (quoting 9 Wright & Miller, Federal Practice & Procedure, § 2367, pp. 185-186 (1971 ed.) "Dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of *res judicata* and is effective not only on the immediate parties but also on their privies.")

As there is no difference regarding the preclusive nature of the judgment, and waiting to rule on the motion for summary judgment would waste the parties' time and resources, the court is inclined to grant the dismissal as to defendant Intermatic *with prejudice*.

In addition to asserting its *res judicata* argument, defendant Intermatic asserts that the motion should only be granted "on the condition that [p]laintiff reimburse Intermatic for its reasonable attorneys' fees, expert witness fees, and costs incurred in defending the action to date." (Doc. #69). As previously stated, any claim for costs should be requested pursuant to Local Rule 54-1(a) and (b). Moreover, under Local Rule 54-16, a party requesting attorneys' fees must file a motion demonstrating the reasonableness of the award, an itemization and description of the work performed, an itemization of all costs, and an attorney affidavit. The failure to provide the information required by the rule "constitutes a consent to the denial of the motion." Local Rule 54-16(d).

As defendant Intermatic has not abided by the local rules regarding costs and attorneys' fees,

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    the court is not inclined to award them at this time. Local Rule 54-1(a) and (b) and 54-16.

2    **Wheeler's Summary Judgment (doc. #64)**

3          In defendant Wheeler's motion for summary judgment (doc. #64), it asserts that it was

4    improperly added to the complaint, as it was simply "lumped in" with other defendants. However,

5    since the court held that dismissing the complaint against defendant Wheeler with prejudice is

6    proper, the motion for summary judgment (doc. #64) is moot.

7    **Intermatic's Summary Judgment (doc. #70)**

8          Defendant Intermatic filed its motion for summary judgment (doc. #70) after the motion for

9    voluntary dismissal was filed, asserting that in plaintiff's response to discovery requests it "admitted

10   that it has <u>no evidence whatsoever</u> to support a claim against Intermatic." (Emphasis supplied).

11   Defendant asserts that this admission entitles it to summary judgment.

12         In light of the court's ruling that granting the motion to voluntarily dismiss with prejudice

13   prevents any undue delay and provides the same preclusive effect as would granting the motion for

14   summary judgment, the present motion for summary judgment (doc. #70) is moot.

15         Accordingly,

16         IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Occidental Fire &

17   Casualty of North Carolina's motion for voluntary dismissal (doc. #63) be, and the same hereby is,

18   GRANTED.

19         IT IS THEREFORE ORDERED that the above captioned case be dismissed *with prejudice*

20   as to defendants Intermatic Inc., Gary Dean Scacco d/b/a Valley Refrigeration and Sheet Metal,

21   Wheeler's Electric, Inc., and Madone, LLC[2].

22         IT IS FURTHER ORDERED that defendant Wheeler's Electric, Inc.'s motion for summary

23   judgment (doc. #64) be, and the same hereby is, DENIED as moot.

24

25

26

27   [2] The remaining named defendants did not file oppositions to the motion, and pursuant to
     Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any
28   motion shall constitute a consent to the granting of the motion."

James C. Mahan
U.S. District Judge                                          - 6 -

1         IT IS FURTHER ORDERED that defendant Intermatic's motion for summary judgment (doc.

2   #70) be, and the same hereby is, DENIED as moot.

3         DATED April 22, 2011.

4

5   _____

6   **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28