1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

8

9

OCCIDENTAL FIRE & CASUALTY
OF NORTH CAROLINA,

            Plaintiff,

2:09-CV-2207 JCM (VCF)

10

v.

11

12

INTERMATIC INCORPORATED, et
al.,

13

            Defendants.

14

15

**ORDER**

16        This is a diversity action filed against defendants True Manufacturing Company and True

17  Food Service Equipment (collectively "True") by plaintiff Occidental Fire and Casualty of North

18  Carolina ("Occidental"). Before the court are six motions *in limine* (Doc. Nos. 127, 128, 155, 158,

19  160, 162) filed by the parties:

20        1. Defendants' motion *in limine* (Doc. 127) regarding plaintiff's expert, Donald F. Peak

21

22        2. Defendants' motion *in limine* (Doc. 128) regarding plaintiff's expert, Robert Longseth

23        3. Plaintiff's motion *in limine* (Doc. 155) regarding defendants' expert, Lorne Lomprey

24        4. Plaintiff's motion *in limine* (Doc. 158) regarding defendants' expert, Jeff Colwell

25

26        5. Plaintiff's motion *in limine* (Doc. 160) regarding defendants' expert Robert Armstrong

27        6. Plaintiff's motion *in limine* (Doc. 162) regarding defendants' expert Michael Doughty

28

**James C. Mahan**
**U.S. District Judge**

1   **I.      Legal Standard**

2      "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the

3   practice has developed pursuant to the district court's inherent authority to manage the course of

4   trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (citing Federal Rule of Evidence 103©).

5   *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind

6   during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); accord Luce, 469

7   U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence

8   unfolds in an unanticipated manner). The admissibility of expert testimony is governed by Federal

9   Rule of Evidence 104, which provides for a court to decide "any preliminary question about whether

10   a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). "In so

11   deciding, the court is not bound by evidence rules, except those on privilege." *Id*. In order to satisfy

12   the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are

13   met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987)

14   ("We have traditionally required that these matters [regarding admissibility determinations that hinge

15   on preliminary factual questions] be established by a preponderance of proof."). Federal Rule of

16   Evidence 702 provides that a qualified expert witness may provide testimony in the form of an

17   opinion if the court finds that:

18      (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to
           understand the evidence or to determine a fact in issue;
19
20      (b)  the testimony is based on sufficient facts or data;

21      (c)  the testimony is the product of reliable principles and methods; and

22
23      (d)  the expert has reliably applied the principles and methods to the facts of the case.

24      Fed. R. Evid. 702. In 2000 this rule was amended in response to *Daubert v. Merrell Dow*

25   *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, including *Kumho Tire Co. Ltd. v.*

26   *Carmichael*, 526 U.S. 137 (1999).

27

28

**James C. Mahan**
**U.S. District Judge**                                        - 2 -

**II.        Discussion**

The court will address only those facts which are pertinent to resolution of the instant motions *in limine*.

**1.  Defendant's Motion *in Limine* Regarding Donald F. Peak (Doc. 127)**

With this motion, defendant seeks to exclude all testimony of Donald F. Peak, plaintiff's "cause of fire" expert. Defendant argues that Peak's methods are not grounded in reliable principles and methods, and thus do not fulfill the requirements of Federal Rule of Evidence 702. Alternatively, defendant seeks to exclude the testimony from Peak's supplemental report, filed on October 31, 2012. Defendant claims that while the report was presented as a supplemental report, it presents opinions that materially differ from Peak's prior reports and therefore should be excluded as an untimely rebuttal report under Federal Rules of Civil Procedure 37(c)(1) and (b)(2).

In arguing that Peak's methods of investigation were unscientific, defendants rely heavily on the process laid out in the National Fire Protection Association's Guide for Fire and Explosion Investigations ("NFPA 921"). Indeed, this method was relied upon by plaintiff's and defendants' experts alike and is widely recognized by courts as being a highly reputable, peer-reviewed process for fire investigation. *See, e.g.*, *Fireman's Fund Ins. Co v. Canon U.S.A.*, 392 F.3d 1054, 1057-58 (5th Cir. 2005); *Presley v. Lakewood Eng'g*, 553 F.3d 638, 645 (8th Cir. 2009).

Defendants specifically argue that Peak's methodology was unreliable because he consulted only one witness in determining the fire's area of origin. Defendants assert that consulting only one witness necessarily shows that Peak's conclusions were the result of "expectation bias" and therefore were not in line with the methodology of NFPA 921. While arguing that an expert did not comport with one particular method of fire investigation could not, by itself, determine that his methods were unreliable, in this case the court does not even need to look beyond the NFPA guidelines to recognize that defendants' argument does not merit exclusion.

Indeed, Even a cursory reading of the guidelines makes clear that this argument against Peak's method of fire investigation holds no water. Section 17.2.1.2 of the NFPA states clearly that "a single item, such as an irrefutable article of physical evidence or a credible eyewitness to the ignition . . .

**James C. Mahan**
**U.S. District Judge**

1    may be the basis for a determination of origin." This rule makes clear that there are circumstances

2    in which a sole witness statement would be enough to validate a fire investigation under the NFPA

3    921 method.  Because defendant's argument is incorrectly rooted in the premise that reliance on a

4    single witness statement necessarily violates the NFPA 921 method, this argument for excluding

5    Peak's testimony is clearly no more than smoke and mirrors.[1]

6         Further, defendants argue that because Peak did not utilize arc mapping to determine the fire's

7    origin his conclusions are unreliable. While NFPA 921 does name "arc mapping" as a potential tool

8    in determining a fire's origin, it never identifies it as necessary. The method states that a fire's origin

9    can be determined using information gathered from one or more of the following sources: "witness

10   information," "fire patterns," "arc mapping," and/or "fire dynamics." Nowhere does NFPA 921 state

11   that an investigation into a fire's origin must include arc mapping to be valid. Thus, defendants'

12   assertion that Peak did not use arc mapping does not render his opinion unreliable.

13        Additionally, defendants argue that Peak's supplemental report, filed on October 30, 2012,

14   should be excluded because the report contained new opinions that had not been previously

15   presented by Peak. In support of this proposition, defendants discuss *Plumley v. Mockett*, wherein

16   the court excluded a supplemental report that was both submitted two months after the discovery

17   deadline and substantially differed from the expert's initial and rebuttal reports. 836 F. Supp. 2d

18   1053, 1061 (C.D. Cal. 2010). Two relevant facts make this case substantially unlike that of *Plumley*.

19        First, unlike *Plumley*, Peak's supplemental report was submitted prior to the close of discovery.

20   It is not refuted that the discovery deadline was October 30, 2012, and that Peak's supplemental

21   report was submitted on that very date.

22        Secondly, despite their arguments to the contrary defendants cannot legitimately claim that they

23   were "sandbagged" by the supplemental report, because the report did not contain any opinions that

24   were not already addressed by Peak's initial report, his rebuttal report, and/or his deposition. In this

25   motion, defendants only point to minuscule differences between the statements made in Peak's prior

26

27   [1] It is also important to note that the statement of the witness in question was not the sole basis for Peak's conclusion as to the fire's origin. Peak also conducted an in-person analysis of burn patterns and fire damage at the scene of the fire while conducting a layer search of the charred remains of the building. Such evidence is also listed in NFPA 921 as often being sufficient to make a conclusion on a fire's origin.

28

**James C. Mahan**
**U.S. District Judge**                                                    - 4 -

1    reports and the contents of the supplemental report. Defendants characterization of Peak's statement

2    in the supplemental that the fire originated "in the True freezer" as materially different from his prior

3    statement that the area of origin was "in or on the True freezer," makes a mountainous blaze out of

4    a molehill of embers. Since the examples pointed out by defendants reflect only superficial

5    differences in the contents of the supplemental report, it is clear that the contents of this report

6    should have come as no surprise, and did no harm to them in this litigation. As such, exclusion of

7    the contents of the report under Federal Rule of Civil Procedure 37(c)(1) is unwarranted.

8        Because Peak did not depart from to the methodology of NFPA 921 by interviewing only one

9    witness in his investigation, and because Peak's October 30, 2012 report was correctly supplemental

10   and timely, defendant's motion to exclude Peak's testimony is denied.

11       **2.  Defendant's Motion *in Limine* Regarding Robert Longseth (Doc. 128)**

12       In their second motion *in limine*, defendants request that the court exclude the testimony of

13   plaintiff's causation expert Robert Longseth. As in their prior motion, defendants rely on NFPA 921

14   to argue that Longseth's methods for investigating the cause of the fire were not reliable.

15       Specifically, defendants assert that because Longseth did not conduct tests on an exemplar of the

16   model of the freezer at issue, that his conclusion that a component of the True freezer was the source

17   of the fire is unreliable. Short of stating that testing an exemplar is necessary to conclude that an

18   appliance caused a particular fire, NFPA 921 states only that "exemplar appliances *can* be operated

19   and tested to establish the validity of the proposed ignition scenario." *NFPA 921* § 24.4.6. Nowhere

20   does this methodology state that testing an exemplar appliance is necessary to determine that an

21   appliance caused a particular fire. Because the testing of an exemplar is not necessary to adhere to

22   the NFPA method, defendants' argument does not indicate that Longseth's opinions are unreliable,

23   and therefore this motion is denied.

24       **C.  Plaintiff's Motions *in Limine* Regarding Lorne Lomprey and Jeff Colwell (Docs. 155**

25       **and 158)**

26       Plaintiff argues that the court should exclude the testimony of defendants' causation experts,

27   Lorne Lomprey and Jeff Colwell. In support of its motions, plaintiff argues that Lomprey's methods

28

**James C. Mahan**
**U.S. District Judge**                                            - 5 -

1   did not comport with the NFPA 921 method because he did not inspect the scene of the fire in person

2   and interviewed only one witness, and similarly that Colwell's investigation was insufficient because

3   he did not personally visit the scene and did not speak to any witnesses. Defendants acknowledge

4   that Lomprey and Colwell each conducted their investigations by analyzing extensive photographs

5   of the site of the fire rather than personally visiting the site.

6          Notably, NFPA 921 states that a thorough investigation can be performed through

7   examination of photographs without any in-person examination of the scene of a fire. *NFPA 921* §

8   4.4.3.3. For this reason, it is erroneous to state that the investigations of these experts did not comply

9   with the accepted methodology merely because it was performed through analysis of photographs

10  of the fire site.

11         Additionally, as previously noted, relying on only one witness statement also does not deem

12  a fire investigation to be unreliable. The NFPA 921 method insists that investigations that rely

13  exclusively upon analysis of fire patterns and fire dynamics, which can be conducted through

14  photographs, can be sufficient for a thorough investigation of a fire's cause without interviewing any

15  witnesses at all. Thus, the fact that Lomprey consulted only one witness and Colwell did not consult

16  any does not indicate that they did not adhere to the NFPA 921 methodology. Plaintiff's motion is

17  therefore denied.

18         **D.  Plaintiff's Motion *in Limine* Regarding Robert Armstrong (Doc. 160)**

19         Plaintiff requests that the court exclude the testimony of Robert Armstrong, a causation

20  expert who was originally disclosed by a defendant that has since been dismissed from this case.

21  Plaintiff argues that because Armstrong was never disclosed as an expert by the defendants still

22  remaining in the case that his testimony should be excluded pursuant to Fed. R. Civ. P. 37(c)(1), or

23  that alternatively it should be excluded because his reports "add nothing of consequence" to the

24  information provided by Lomprey and Colwell.

25         Up front, it is rather contradictory that plaintiff indicates first that Armstrong's testimony

26  should be excluded because it was not given sufficient notice of his opinions, but also that his

27  opinions are virtually identical to those provided by other experts. Regardless, plaintiff was given

28

**James C. Mahan**
**U.S. District Judge**

1  sufficient notice of Armstrong's participation in the case, was able to review his reports during the

2  course of discovery, and was able to depose him. As such, it would be incorrect to state that plaintiff

3  was not given proper notice of Armstrong's participation in the case.

4         Though defendant has numerous causation experts at its disposal, plaintiff does not

5  adequately demonstrate that Armstrong's opinions merely duplicate the opinions of Lomprey and

6  Colwell. As such, plaintiff's motion to exclude Armstrong's testimony is denied. Plaintiff may raise

7  an objection at trial if it so desires.

8         **E. Plaintiff's Motion *in Limine* Regarding Michael Doughty (Doc. 162)**

9         Plaintiff argues that the court should exclude the testimony of Michael Doughty, a fire

10  investigation expert, because Doughty's investigation did not include an extensive layer search of

11  the fire site and instead consisted only of witness interviews and viewing the top of the burned

12  debris. While defendant disputes the extent of Doughty's physical examination of the charred rubble,

13  plaintiff's assertion that the investigation should be deemed unreliable because it is primarily based

14  on witness statements is incorrect. Indeed, just as NFPA 921 illustrates that witness statements are

15  not a necessary part of a proper fire investigation, it also clearly states that a proper fire investigation

16  can take place using *only* witness statements. *NFPA 921* § 17.2.1.2. Because of this, plaintiff's

17  argument does not demonstrate that defendant in any way deviated from the NFPA 921

18  methodology. Accordingly, plaintiff's motion is denied.

19         . . .

20         . . .

21         . . .

22         . . .

23         . . .

24         . . .

25         . . .

26         . . .

27         . . .

28

**James C. Mahan**
**U.S. District Judge**

1    **III.    CONCLUSION**

2        **IT IS HEREBY ORDERED** that motion *in limine* (Doc. 127) is **DENIED**.

3        **IT IS FURTHER ORDERED** that motion *in limine* (Doc. 128) is **DENIED**.

4        **IT IS FURTHER ORDERED** that motion *in limine* (Doc. 155) is **DENIED**.

5        **IT IS FURTHER ORDERED** that motion *in limine* (Doc. 158) is **DENIED**.

6        **IT IS FURTHER ORDERED** that motion *in limine* (Doc. 160) is **DENIED**.

7        **IT IS FURTHER ORDERED** that motion *in limine* (Doc. 162) is **DENIED.**

8        DATED August 15, 2013.

9

10                                            _____
                                             **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**                        - 8 -