UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OCCIDENTAL FIRE & CASUALTY OF NORTH CAROLINA,<br><br>Plaintiff,<br><br>v.<br><br>INTERMATIC INCORPORATED, et al.,<br><br>Defendants. | 2:09-CV-2207 JCM (VCF) |

**ORDER**

This is a diversity action filed against defendants True Manufacturing Company and True Food Service Equipment (collectively "True") by plaintiff Occidental Fire and Casualty of North Carolina ("Occidental"). Before the court are seven motions *in limine* (Docs. 126, 150-153, 157, and 182) filed by the parties:

1. Defendants' motion *in limine* (Doc. 126) regarding plaintiff's expert, John Chaney

2. Defendants' motion *in limine* (Doc. 150) regarding evidence relating to implied warranties

3. Defendants' motion *in limine* (Doc. 151) regarding evidence relating to express warranties

4. Defendants' motion *in limine* (Doc. 152) regarding communications from Tom Tomeo to the court

5. Defendants' motion *in limine* (Doc. 153) regarding plaintiff's expert, Chuck Wilds

**James C. Mahan**
**U.S. District Judge**

6. Plaintiff's motion *in limine* (Doc. 157) regarding testimony concerning a lack of prior fires caused by this particular freezer model, testimony concerning prior repairs, and testimony indicating that an arsonist might have entered through a particular exterior door

7. Defendants' motion *in limine* (Doc. 182) regarding defendants' prior retention of William Haack and evidence pertaining to his opinions as an expert

**Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

**I.      Discussion**

The court will address only those facts which are pertinent to resolution of the instant motions *in limine*.

. . .

. . .
**James C. Mahan**
**U.S. District Judge**

**A. Defendants' Motion *in Limine* regarding John Chaney (Doc. 126)**

With this motion, defendants seek to exclude the testimony of plaintiff's damages expert, John Chaney. Defendants claim that Chaney calculated damages according to a method that is impermissible under Nevada law. Accordingly, they assert that presentation of Chaney's opinion would tend to confuse or mislead the jury and should be excluded under Federal Rule of Evidence 403.

Under Nevada law, there are several acceptable methods of measuring damages in a tort action involving total loss of a structure. Among them are the cost of replacing the structure minus depreciation and the actual value of the property. *Harvey v. Sides Silver Min. Co.*, 1 Nev. 539, 542 (1865); *Richfield Oil Corp v. Harbor Insurance Co.*, 85 Nev. 185, 192. Defendants do not point to any language indicating that these are the only methods that can be used to determine damages in this type of action. Defendants argue that because Chaney developed his estimate by determining the "actual cash value of the loss," his opinion is not relevant to a determination of the actual value of the property or the cost of replacing the structure.

Plaintiff opposes the motion by indicating both that Chaney did base his calculation on another report which used the cost of replacement minus depreciation methodology, but even if he had not it argues that Nevada does not require damages to be calculated by one of these methods named by defendants. (ECF No. 136)

Defendants do not show that Chaney developed his opinions using a method other than the acceptable cost of repair minus depreciation method. Thus, the court finds that defendants have not met their burden to show that this evidence is not relevant or that it is likely to confuse the issues, and accordingly will not exclude the evidence pursuant to Federal Rules of Evidence 401 through 403 at this time. Accordingly, the motion is denied.

**B. Defendants' Motion *in Limine* Regarding Implied Warranties (Doc. 150)**

With this motion, defendants request that evidence relating to the implied warranties of merchantability and fitness for a particular purpose be excluded from trial. Defendants correctly state

1. that Nevada law has adopted UCC provisions allowing sellers of goods to disclaim these warranties. *See, e.g.*, *Sierra Diesel Injection Serv. v. Burroughs Corp.*, 890 F.2d 108, 113 (9th Cir. 1989). Plaintiff points out that the freezer's manual contained conspicuous language disclaiming these warranties, which is sufficient under Nevada law to relieve a seller of the burden of the implied warranties of merchantability and fitness. Plaintiff filed no response. Thus, the court will grant this motion as unopposed.

### C. Defendants' Motion *in Limine* Regarding Express Warranties (Doc. 151)

With this motion, defendants argue that evidence relating to the express one-year parts and labor warranty and the four-year warranty on the freezer's compressor should be excluded. The warranty language in the freezer's manual specifically stated that the one-year parts and labor warranty would only apply if the freezer was installed in accordance with the provisions of the instruction packet. The instruction packet states that the freezer must be used with a properly grounded three-prong wall outlet. Defendants state that the freezer in this case was initially plugged into an improperly wired outlet, and thus the warranty was voided.

Furthermore, defendants assert that the four-year compressor warranty is not relevant to this case, because plaintiff has not claimed that the compressor was the cause of the fire.

Plaintiff filed no response. Accordingly, the court will grant this motion.

### D. Defendants' Motion *in Limine* Regarding Communications to the Court from Tom Tomeo (Doc. 152)

With this motion, defendants request the exclusion of evidence relating to the timeliness of defendants' payment to Tom Tomeo. Tomeo addressed a letter to the court on November 20, 2011, which claimed that the defense counsel refused to pay the fees for the services he provided as an expert for the defendants. Defendants argue that this evidence should be excluded as it is not relevant to determining the facts at issue in the case and it is prejudicial to the defendants. Plaintiff filed no response to this motion. Accordingly, the court will grant this motion *in limine* as unopposed.

**James C. Mahan**
**U.S. District Judge**

- 4 -

**E. Defendants' Motion *in Limine* Regarding Chuck Wilds (Doc. 153)**

With this motion, defendants argue that the testimony of plaintiff's expert Chuck Wilds should be excluded. Defendants assert that they suffered substantial prejudice because they were unable to depose Wilds due to the physical and mental impairments he suffered while being treated for cancer. Wilds does not appear on plaintiff's witness list. Plaintiff did not file a response to this motion. Accordingly, the court will grant this motion as unopposed.

**F. Plaintiff's Motion *in Limine* Regarding (a) Evidence of a Lack of Prior Fires, (b) Evidence Regarding Prior Repairs, © Evidence Regarding an Open Door and the Possibility of Arson (Doc. 157)**

1. <u>Evidence Relating to a Lack of Prior Fires Caused by Freezers of this Model</u>

Plaintiff argues that defendants should not be allowed to present evidence indicating that the particular model of freezer at issue in this case has not been responsible for other fires. In support of this motion, plaintiff argues that such evidence is irrelevant because "[p]laintiff will offer evidence at trial conclusively establishing that a T-72 freezer was the only possible cause of [this] fire," and that "evidence of prior fires and their causes are entirely irrelevant and must be excluded." While the plaintiff's observation is technically correct, that there would be little probative value in allowing the defendants to recount dramatic tales of fires that were not caused by T-72 freezers, its argument is still lacking. Though evidence of other fires with unrelated causes provides little insight into this case, evidence conveying that this particular freezer model has never caused a fire before could be highly probative in determining whether or not a T-72 freezer caused the particular fire at issue here.

It is widely recognized that this type of evidence can be probative: "there is little doubt that as a general matter evidence concerning the absence of prior accidents can satisfy the relevance threshold established by Rule 402. Courts have indicated that such evidence may be relevant to show (1) the absence of the alleged defect; (2) the lack of a causal relationship between the injury and the defect or condition charged; and (3) the nonexistence of an unduly dangerous situation." Forrest v. Beloit Corp., 424 F.3d 344, 356 (3d Cir. 2005). As such, this

aspect of plaintiff's motion *in limine* is denied, and defendants may attempt to lay a proper foundation for this evidence at trial. Plaintiff may object at that time if it is so inclined.

2. <u>Evidence Relating to Prior Repairs</u>

Plaintiff requests that evidence relating to prior repairs to both the freezer and the electrical socket be excluded pursuant to Federal Rule of Evidence 402 or 403. Plaintiff asserts that even though two of the freezer's motors were replaced after being "burned out" and the electrical socket that the freezer was plugged into was re-wired prior to the fire, that there is no evidence showing these repairs in any way contributed to the fire. Thus, plaintiff argues that the presentation of this evidence is not relevant, and would confuse the jury if presented at trial.

Defendants contend that this evidence is relevant to determine the cause of the fire, as the wiring that the freezer was initially plugged into was improperly installed such that 200 volts were supplied to parts of the freezer only designed to utilize 110 volts. Despite the repairs to the freezer and the socket that took place, defendants posit that the initial excess of voltage may have damaged a component of the freezer that was not later repaired, and that one of these components might have been the source of the fire. The court agrees that this evidence could assist the jury in determining whether a defect in the freezer existed while it was in the defendants' possession, and that the probative value of this evidence is not substantially outweighed by the danger of misleading the jury. Thus, this component of plaintiff's motion *in limine* is denied.

3. <u>Evidence Relating to an Open Exterior Door and Arson</u>

Plaintiff requests that evidence inaccurately indicating that a particular door could have given access to the inside of the building be excluded under Federal Rule of Evidence 403. Throughout discovery, some of defendants' experts apparently made reference to the possibility that an arsonist could have entered this door, which was left open during the fire, and intentionally set the building ablaze. (Doc. 157 6:11-14). Plaintiff has since clarified, and defendants do not dispute, that the door in question gave no access to the interior of the building and led only to an outdoor utility closet. Thus, it would have been a physical impossibility for an individual to use that door

**James C. Mahan**
**U.S. District Judge**

- 6 -

to gain access to the building.

Defendants' response to this motion does not refute plaintiff's argument that the court should exclude evidence tending to indicate that (1) the door lead to the interior of the building or (2) that an individual could have entered through the door and intentionally set the building on fire. Therefore, this component of plaintiff's motion *in limine* is granted.

### G.  Defendants' Motion *in Limine* Regarding William Haack (Doc. 182)

Defendants request that evidence relating to their retention of William Haack as well as any of his statements, if presented in his capacity as an expert, be excluded from trial. Plaintiff correctly notes that this motion was filed long after the deadline for motions *in limine*. Filing this motion a mere eleven days prior to trial denied plaintiff an adequate opportunity to respond. Furthermore, defendants fail to show that their retention of Haack does not meet the standard of relevance under Federal Rule of Evidence 401. The fact that Haack participated in the joint scene examination by the parties shows that defendant was not denied the opportunity to inspect the fire scene, that defendants were given the opportunity to preserve evidence from the scene if they chose to do so. The court agrees that this evidence could be relevant and that to exclude evidence of Haack's retention by defendants and his opinions has the possibility of creating unfair prejudice rather than resolving it. Accordingly, this motion is denied.

### III.  Conclusion

**IT IS HEREBY ORDERED** that motion *in limine* (Doc. 126) is **DENIED**.

**IT IS FURTHER ORDERED** that motion *in limine* (Doc. 150) is **GRANTED**.

**IT IS FURTHER ORDERED** that motion *in limine* (Doc. 151) is **GRANTED.**

**IT IS FURTHER ORDERED** that motion *in limine* (Doc. 152) is **GRANTED.**

**IT IS FURTHER ORDERED** that motion *in limine* (Doc. 153) is **GRANTED.**

**IT IS FURTHER ORDERED** that portions of motion *in limine* (Doc. 157) regarding a lack of prior fires and prior repairs is **DENIED**.  The remaining portion, relating to the open exterior door and arson, is **GRANTED**.

1  **IT IS FURTHER ORDERED** that motion *in limine* (Doc. 182) is **DENIED.**

   **DATED** August 15, 2013.

   _____
   UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -