# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

OCCIDENTAL FIRE & CASUALTY OF NORTH CAROLINA,

        Plaintiffs,

vs.

INTERMATIC INCORPORATED, *et al.*,

        Defendant.

Case No. 2:09–cv–02207–JCM–VCF

**ORDER**

    Before the Court is Defendants True Manufacturing Company, Inc., True Food Service Equipment, Inc., and Sysco Las Vegas, Inc.'s (collectively "Defendants") motion to seal trial records and exhibits. (#258).[1] Defendants request that the court extend the protective order filed September 14, 2011(#90) to cover additional items including trial transcripts and minutes. The motion to seal remains unopposed by Plaintiffs. For the reasons discussed below, however, the motion to seal is denied without prejudice.

## **BACKGROUND**

    Plaintiff Occidental Fire & Casualty of North Carolina brought suit against the above named Defendants for damages relating to a fire allegedly caused by a defective freezer manufactured, sold, or installed by Defendants. (*See* #1 at 5). The underlying action has been adjudicated. (*See* #238). Plaintiffs initially filed an appeal but that appeal was dismissed on May 22, 2014 (*See* #261). Defendants had previously sought a Protective Order relating to other documents deemed potentially harmful to Defendants. (#258 at 2). This Protective Order was granted September 14, 2011. (#90). It protects Documents Nos. 86, 86.1, 86.2, 86.3, and 86.4. (#258 at 2).

---

[1] Parenthetical citation refers to the Court's docket number.

1

1  Defendants now seek "all trial testimony, all trial transcripts, all trial exhibits, and any other
2  information within the Clerk's custody to be sealed or returned to Defendants (i.e. Documents Nos. 222,
3  224, 227, 231, 251-254)." (#258 at 2). They argue that they "will suffer significant prejudice from the
4  dissemination of the written and expert discovery outside this court into other active litigation. (#258 at
5  2). Specifically, Defendants claim that they are involved in another action with Madone, tenant for the
6  owner of the rental property upon which the fire occurred, in Nevada state court. (#258 at 4). If the
7  material in question is made available to the public, Madone may view the material and may obtain
8  information prior to the time discovery disclosures must be made. (#258 at 4). Defendants will not
9  receive a similar opportunity to preview Madone's future discovery. (#258 at 4). Additionally,
10 Defendants contend that the difference in the rules of evidence and discovery in federal and state court
11 "creates the possibility that Madone will have access to information and documents produced at trial in
12 this case which otherwise may be privileged or protected under state law." (#258 at 4). Defendants state
13 that under Local Rule of Court 55-1(c), the Court may order that the Clerk either seal the documents in
14 question or return them to Defendants. (#258 at 4).

## **LEGAL STANDARD**

16 The Federal Rules of Civil Procedure permit the court in which an action is pending to "make
17 any order which justice requires to protect the party or person from annoyance, embarrassment,
18 oppression or undue burden or expense" upon motion by a party or a person from whom discovery is
19 sought. Fed. R. Civ. Pro. 26(c). "The mere fact that the production of records may lead to a litigant's
20 embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court
21 to seal its records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).
22 In the Ninth Circuit, there is a strong presumption towards public access to judicial records. *See*
23 *id*. at 1178. Under *Kamakana*, judicial records are separated into two groups, each with its own standard
24 to be met if litigants wish to seal them. First, judicial records attached to dispositive motions must meet

the "compelling reasons" standard in order for those documents to be sealed. *Id.* at 1180. Those compelling reasons must outweigh the competing interests of the public in gaining access to the judicial records and to understand the judicial process. *Id.* at 1178–79. Second, judicial records attached to non-dispositive motions must meet the lesser "good cause" standard to be sealed. *Id.* The Ninth Circuit has rejected requests to seal documents under the "compelling reasons" standard where the movant makes nothing more than "conclusory statements about the content of the documents – that they are confidential and that, in general," their disclosure would harm the movant. *Id.* at 1182.

## DISCUSSION

The pending motion to seal fails to meet the standard mentioned above for four reasons. First, Defendants move the court to seal nearly the entire record. This is overbroad. Defendants request that seven specific documents be sealed: #222, 224, 227, 231, and 251-54. In order to seal each of these documents, Defendants must make a specific factual showing that compelling reasons exist to seal each of these documents. *See San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This they have not done. Instead, Defendants rely on conclusory statements that they will suffer harm if this class of documents is made public. (*See* #258 at 4). Defendants state that good cause exists to seal all trial records and then proceed to explain that the information may be used by other litigants in outside litigation. (#258). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. The documents at issue are minutes of the proceedings and transcripts of the proceedings; some of which are several hundred pages long and contain at least some information that cannot be said to be harmful to Defendants. (*See* #222, 224, 227, 231, and 251-54). Defendants must specify which specific portions of the text contain the offending information.

Second, Defendants use the "good cause" standard to justify the need to seal the documents at issue. This standard is applicable only to information attached to non-dispositive motions. *See*

1  *Kamakana*, 447 F.3d at 1182. Here, Defendants request that minutes of the proceedings and transcripts
2  of the proceedings be sealed. (*See* #222, 224, 227, 231, and 251-54). Transcripts of the proceedings are
3  used to make the final ruling in the case and, therefore, should be considered attached to a dispositive
4  motion. Therefore, the "compelling reasons" standard must be met.
5       Third, where documents may be redacted while leaving meaningful information available to the
6  public, generally, the Court will only allow redaction of filed documents rather than outright sealing of
7  the documents in their entirety. *See, e.g.*, *Foltz v. State Farm Ins.*, 331 F.3d 1122, 1137 (9th Cir. 2003).
8  The pending motion fails to explain why redaction is not possible in this case. Generally, parties should
9  request sealing of the courtroom prior to a hearing that will involve sensitive information rather than
10 seek to seal hundreds of pages of transcripts after the fact. *See TriQuint Semiconductor, Inc. v. Avago*
11 *Techs. Ltd.*, No. CV–09–1531–PHX–JAT, 2012 WL 1432519, *3 (D. Ariz. 2012); *see also Pfizer, Inc.*
12 *v. Teva Pharm. USA Inc.*, Nos. 08–1331 (DMC), 08–2137(DMC), 2010 WL 2710566, *4 (D.N.J. 2010).
13 "Once a hearing is conducted in open court, information placed on the record is just that: information
14 that is *on the record*." *Pfizer*, 2010 WL 2710566 at *4 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d
15 133, 144 n. 11 (2d Cir.2004)) (emphasis in original). The court recognizes that it may be necessary to
16 redact certain information from court transcripts. Therefore, the Defendants' motion should be DENIED
17 without prejudice and with leave to amend to state specifically which information contained in the court
18 transcripts should be redacted.
19       Finally, defendants erroneously rely on Local Criminal Rule 55-1(c), which states:
20  Unless otherwise ordered by the Court in a particular case, the Clerk shall continue to
    have custody of the exhibits until the judgment has become final and the time for filing a
21  notice of appeal and motion for new trial has passed, or appeal proceedings have
    terminated, *but in no event sooner than two (2) years after* the mandate issues or the
22  appeal is otherwise terminated.
23 (LCR 55-1(c)) (emphasis added). LCR 55-1 is a local *criminal* rule of court. As the instant case is a civil
24 proceeding, LCR 55-1 is inapplicable. Additionally, the appeal in this case was dismissed May 22, 2014.
25

1   Even if the court granted the request under LCR 55-1(c) to return the exhibits to Defendants, the exhibits
2   could not be returned for two years.
3   ACCORDINGLY, and for good cause shown,
4       IT IS ORDERED that the Motion to Seal Trial Records and Exhibits is DENIED WITHOUT
5   PREJUDICE.
6       IT IS SO ORDERED.
7       DATED this 13th day of June, 2014.

                                  CAM FERENBACH
                                  UNITED STATES MAGISTRATE JUDGE